OLIVER P. RANNEY, APPELLANT, v. SQUIRE A. WARREN, RESPONDENT.

*Fraudulent representations — an action lies to annul bond and mortgage procured by.*

The complaint in this action alleged that the plaintiff was induced, by the fraudulent representations of the defendant, to purchase from him a farm for $18,000, which, if his representations had been true, would have been worth $20,000, but it was, in fact, worth not over $12,000; that he paid $5,000 in cash, assumed a mortgage for $2,000, and gave a bond and mortgage back for $11,000, payable in $1,000 annual installments, one of which he had paid, and prayed that the bond and mortgage might be canceled, and for damages. At the Circuit the complaint was dismissed, on the ground that no damages had as yet been sustained, and that the facts alleged would prove a defense to an action brought to foreclose the $11,000 mortgage.

*Held*, that the court erred in dismissing the complaint; that, upon the facts alleged therein, the plaintiff was entitled to maintain an action in equity to have the bond and mortgage canceled and delivered up to him.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The plaintiff's complaint alleges that by the defendant's fraudulent representations he was induced to purchase a farm of the defendant for the sum of $18,000; that the farm was, in fact, worth not over $12,000; that if the defendant's representations had been true the

farm would have been worth $20,000; that the plaintiff paid in cash $5,000, assumed a mortgage of $2,000, and gave a bond and mortgage for $11,000, payable in $1,000 annual installments, one of which he has since paid.

He asks that the bond and mortgage be declared void and canceled, and given up to him, and for damages and costs.

The justice who tried the case held that damages had not been sustained, and that it was not certain that they would be sustained, since the defendant left unpaid the purchase-price of the farm, to an amount greater than the damages claimed, and if the allegations of the complaint were true, that he could defeat a recovery on the bond.

*R. C. Betts*, for the appellant.

*Tanner & Potter*, for the respondent.

LEARNED, P. J. :

Without discussing the correctness of the learned justice on the mere question of damages it seems to us that he overlooked the fact that a part of the relief demanded, and perhaps the principal part, was the equitable relief of a surrender and cancellation of the bond. If the allegations of the complaint were true the defendant had by fraud procured the plaintiff to execute this bond and the accompanying mortgage.

Now fraud is often a defense at law to an action upon an instrument. But on the other hand fraud is a ground for affirmative relief in equity ; that is, for the relief of decreeing a surrender and cancellation of the instrument, the execution of which was obtained by fraud. And there are some cases where the relief in equity is much more safe and complete. In the present case, for instance, this bond is payable in installments. It will be ten years from the time of the transaction before the last installment becomes payable. The proof of the alleged fraud may by that time be difficult. Questions may arise as to the statute of limitations. For these and for other reasons the present seems to be a case (assuming the complaint to be true) where it would be proper for equity to grant affirmative relief against this bond and mortgage.

It is not necessary to refer to authorities to show that where a person has by fraud procured another to execute a bond equity may sustain an action to compel the surrender of the instrument, although no actual money damage has yet been sustained. It cannot affect this general principle that the fraud was committed in the sale of land to the obligor, provided the fraud was in fact practiced ; and provided the circumstances show that the equitable relief is needed to do justice between the parties.

The judgment should be reversed and a new trial granted, costs to abide the event.

BOARDMAN, J. :

I concur in the result, but think the error consisted in holding that a cause of action for fraud was not stated in complaint, and that no damages could be recovered because the damages alleged were less than the unpaid purchase-price of the farm.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

Judgment reversed and new trial granted, costs to abide event.